### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

DANIEL SCOTT LACY                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 3:12CV-P575-M

TONY SPEARMAN et al.                                               DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Daniel Scott Lacy filed a *pro se*, *in forma pauperis* complaint pursuant to 42

U.S.C. § 1983.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and

*McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the

action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff was a pretrial detainee at the Hardin County Detention Center (HCDC) at the

time he filed suit.  He sues Tony Spearman[1] and, in his individual and official capacities, Hardin

County Jailer Danny Allen.  He alleges that HCDC had installed "the Keefe Commissary Inmate

VizVox Closed Circuit television system for inmate visitation."  He explains that closed-circuit

kiosks are located in each general pod areas and that the kiosks are visible by all inmates in that

pod.  He states that during a visit all inmates assigned in the pod can view another inmate's

visitor and hear their conversation; also, the visitor can view all inmates within camera view.  He

alleges that on July 26, 2012, his fiancee came to visit and, while there, another inmate exposed

his genitals within view of the camera.  According to the complaint, Plaintiff's fiancee did not

tell him of the exposure until three days later because she feared that Plaintiff "would seek

_____

[1]The complaint does not explain who Defendant Spearman is.  The summons form
Plaintiff submitted for Defendant Spearman identifies him as "Tony Spearman; visitation."

reprisal against the inmate and face possible additional criminal charges."  Plaintiff alleges that his fiancee was embarrassed, humiliated, and suffered emotional and mental damages.  He states that upon being informed he immediately notified the on-duty shift commander and lodged a grievance requesting the VizVox system be relocated outside the general pod areas.  He alleges that placing the VizVox system within the view of other inmates and placing other inmates in view of the visitor violates "Plaintiff's right to privacy, freedom of speech, cruel and unusual punishment, equal protection, and other civil rights."  He also alleges that Defendants' negligent placement of the VizVox system has caused him severe emotional and mental pain, loss of affection from his fiancee, and loss of companionship.  He further alleges that Defendants' actions constitute a facilitation to commit indecent exposure, a violation of Kentucky's criminal code.  Plaintiff asks for compensatory damages and declaratory and injunctive relief.

Plaintiff attaches to his complaint a copy of a grievance he filed regarding the incident. The response noted on that grievance is as follows:  "Your grievance is so noted and has been turned over to the Jail Administration and Internal Affairs for review and investigation."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Claims brought on behalf of others

It appears from the face of the complaint that it was Plaintiff's fiancee who suffered humiliation, embarrassment, and mental and emotional damages from having viewed another inmate's genitalia. As Plaintiff alleges in his complaint, he did not know that the exposure occurred until several days later when his fiancee told him. Plaintiff may only assert claims which are personal to him. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002). Thus, to the extent that Plaintiff seeks to assert a claim on behalf of his fiancee, he lacks standing to do so. Therefore, the claim brought on behalf of his fiancee will be dismissed as frivolous for lack of subject matter jurisdiction. *Babbitt*, 291 F.3d at 915 ("[S]tanding to sue . . . is a jurisdictional requirement.").

Moreover, the complaint states that Plaintiff wishes to bring this action on behalf of all other inmates similarly situation. As a *pro se* litigant, Plaintiff may act as his own counsel in this matter. *See* 28 U.S.C. § 1654. However, he is not authorized to represent others in federal court. *See*, *e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause).

3

Thus, to the extent that Plaintiff wishes to bring a claim on behalf of other inmates, he may not do so.

**Right to privacy**

Plaintiff alleges that his right to privacy has been violated because he was not able to visit  with his fiancee in private.  Prisoners do not have a fundamental right to visitation arising directly from the Constitution.  *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (denial of prison access to particular visitor is well within the nature of restriction associated with a prison sentence).  "Rather, prison officials necessarily enjoy broad discretion in controlling visitor access to a prisoner . . . ."  *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998).  The U.S. Constitution allows prison officials to impose reasonable restrictions upon visitation, even visitation with family members.  *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003).

"As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."  *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).  However, a State may create a liberty interest.  "Stated simply, 'a State creates a protected liberty interest by placing substantive limitations on official discretion.'"  *Thompson*, 490 U.S. at 462 (citing *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)).  Plaintiff points to no regulation giving him an interest in completely private visitation.  Consequently, this claim will be dismissed for failure to state a claim.

**Right to free speech**

Plaintiff alleges that his right to free speech has been violated.  "Any form of involuntary

confinement, whether incarceration or involuntary commitment, may necessitate restrictions on the right to free speech." *Martyr v. Bachik*, 755 F. Supp. 325, 328 (D. Or. 1991) (citing *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977)).  For example, "[a] prisoner has no right to unlimited phone use." *Benzel v. Grammar*, 869 F.2d 1105, 1108 (8th Cir. 1989).  Moreover, here Plaintiff has not alleged that his right to free speech has been hindered.  His allegations are not that he was not allowed to talk with his visitor.  Rather, he alleges that the inmate visitation system allows other inmates to be in view and earshot of his visitor.  As already discussed, no violation of a right to privacy has occurred.  This claim likewise will be dismissed

### Cruel and unusual punishment

The Eighth Amendment protects prisoners from cruel and unusual punishment.  The Fourteenth Amendment due-process rights of pretrial detainees, like Plaintiff, are analogous to the Eighth Amendment rights of convicted prisoners.  *Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992).  An Eighth Amendment claim has both an objective and subjective component:  (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  A prison's conditions of confinement are sufficiently grave if they fall beneath "the minimal civilized measure of life's necessities" as measured by a "contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Although a complete and permanent ban on all visitation might implicate the Constitution, a failure to provide a completely private venue for visitation does not fall below "the minimal civilized measure of life's necessities." *Cf. Overton*, 539 U.S. at 137 (holding that regulations which ban visitation for two years for inmates with two substance-abuse violations is

not cruel and unusual punishment).  This claim will be dismissed for failure to state a claim.

### Equal protection claim

To sustain an equal protection claim, a plaintiff must allege, in part, that the defendant intentionally discriminated against him because he was a member of a protected class. *McCleskey v. Kemp,* 481 U.S. 279, 292 (1987); *Purisch v. Tenn. Tech. Univ.,* 76 F.3d 1414, 1424 (6th Cir. 1996).  Plaintiff has not alleged that he is a member of any protected class.  Nor has he claimed that the alleged wrongful conduct was intentionally taken against him because of his membership in a protected class.  Therefore, Plaintiff's claim for relief for violation of the Equal Protection Clause is fatally flawed, and will be dismissed.

### Negligence claim

Because the Court will dismiss Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state-law negligence claim.  That claim will be dismissed without prejudice.

### State criminal claim

Plaintiff alleges that Defendants' actions facilitated a violation of Kentucky criminal law regarding indecent exposure.  "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General."  *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965).  The Court does not have the power to direct that criminal charges be filed against anyone.  *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).  That claim will likewise be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss the instant action.

Date:  December 6, 2012

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:     Plaintiffs, *pro se*
        Defendants
        Hardin County Attorney
4414.009

7